Louis H. Greene *vs.* Karol Adomaitis & another.

Plymouth.    January 25, 1927. — May 21, 1927.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Wait, JJ.

*Contract,* Rescission.   *Equity Jurisdiction,* To rescind contract, Mistake.

If the owner of certain real estate makes an agreement in writing to sell and convey it which recites "that a first mortgage of $20,000 is held by" a certain savings bank, and it appears that the savings bank does not hold a mortgage on the premises but holds, as collateral security for a loan of $10,000 to a third person, an assignment of a mortgage upon the premises to such third person to secure a note for $20,000, the assignment and the mortgage having been recorded before the making of the agreement but neither the seller nor the buyer knowing that the bank was not the original mortgagee, the buyer should be permitted to rescind the agreement because there was a mutual mistake and a consequent failure of consideration.

Bill in equity, filed in the Superior Court on November 24, 1925, and described in the opinion.

The defendants filed a cross bill also described in the opinion.

The suit was referred to a master. His first report was confirmed by an interlocutory decree. On the allowance of an amendment to the cross bill, the suit was recommitted to the master. Material facts found by the master in his reports are stated in the opinion.

The suit was heard upon the pleadings and the master's reports by *Donahue,* J., by whose order a final decree was entered confirming the reports of the master, dismissing the cross bill, and ordering specific performance by the defendants. The defendants appealed.

*W. F. Hallisey,* (*E. G. Townes* with him,) for the defendants.

*H. K. Stone,* (*A. K. Shimelovich* with him,) for the plaintiff.

PIERCE, J.　The plaintiff in his bill, wherein specific performance is sought of the agreement hereinafter referred to, alleges in substance that he is the owner of certain described real estate situated in Brockton, Massachusetts; that he on November 5, 1925, entered into a written agreement. (copy of which is annexed to the bill) with the defendants whereby the defendants were to exchange certain described real estate in Brockton, owned by them individually, for the described property of the plaintiff; that he has always been ready, willing, able and desirous of complying with the terms of that agreement but the defendants refuse and have refused to perform their part.　The defendants, admitting in part and denying in part the allegations of the bill, which are not now in issue, further answer in substance that "there was no meeting of minds" in that there was a material misrepresentation of fact.　The defendants filed a cross bill wherein by reason of certain alleged misrepresentations they ask that the contract be rescinded and declared null and void.

From the agreement and from the master's report the facts pertinent to the issue raised by the answer, the cross bill and the amended cross bill are shown to be as follows: The "Agreement of Exchange" states "that a first mortgage of $20,000 is held by the Brockton Savings Bank, and a second mortgage of $3,000 is held by Mary N. Winner" on the property of the plaintiff.　In reference to the mortgage to the Brockton Savings Bank, the master finds that Harry K. Stone and Joseph Stone, the predecessors in title of the described land of the plaintiff, on June 27, 1925, executed a mortgage note payable to Daniel E. Brown in the amount of $20,000, payable in three years from June 27, 1925, with interest at six per cent per annum, secured by a first mortgage on the property now of the plaintiff; and that on the same day Daniel E. Brown executed a note of $10,000 payable to the Brockton Savings Bank in one year with interest at the rate of six per cent per annum, and as collat-

eral security assigned to the Brockton Savings Bank the note of $20,000 signed by Harry K. Stone and Joseph Stone, together with the mortgage given as security. The original mortgage and assignment were duly recorded on June 20, 1925. The master further found that neither Greene (the plaintiff) nor his agent (Fish) had actual knowledge that the Brockton Savings Bank was not the "original mortgagee," and "that the said Greene and Fish believed that the said Brockton Savings Bank was the original mortgagee named in the first mortgage covering the property owned by said Greene and situated at the corner of North Main Street and Ames Street in said Brockton"; that Adomaitis and Simutis (the defendants) signed the aforesaid mentioned agreement for the exchange of their properties, believing that the Brockton Savings Bank was the original mortgagee named in the first mortgage covering Greene's property, and relied upon said belief, and at that time had no knowledge or belief that Daniel E. Brown was the original mortgagee named in said mortgage; and that Adomaitis and Simutis "declined to carry out their agreement because they were unable to secure any definite assurance from William G. Allen, assistant treasurer of the Brockton Savings Bank that said bank would grant a loan of similar amount and on similar terms as then outstanding on said property upon the expiration of the mortgage executed by said Brown."

The words of the agreement, "A first mortgage of $20,000 is held by the Brockton Savings Bank," taken literally are not misstatement of a fact; but, as understood by all parties to the agreement, they imported not merely that the legal mortgage title was in the bank, but also that the bank held that title as an original mortgagee to secure a loan that it had made on the faith of its appraisement of the value of the property as a safe investment for savings bank funds. No one of the parties knew when the agreement was executed in November, 1925, that the loan which the bank had made to Brown was to become due and payable June 27, 1926, with the result that the mortgage would thereafter be held by Brown as mortgagee and no longer by the bank

in that capacity if the loan to Brown was paid when it became due. The mistake of the plaintiff and defendants as to the capacity in which the savings bank held its title in mortgage to the property had all the effect of an innocent misrepresentation of fact upon the action of the defendants, and their conduct was determined thereby to their harm; they should be permitted to rescind the agreement because there was a mutual mistake and a consequent failure of consideration.

It results that the decree should be reversed and a decree entered (1) confirming the master's supplemental report; (2) dismissing the bill with costs; and (3) granting the prayer of the cross bill that the written agreement be rescinded and declared null and void.

*Decree accordingly.*